# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| ERNEST KEVIN TRIVETTE, ET AL., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 3:20-cv-00276 |
| | ) Judge Trauger |
| | ) |
| TENNESSEE DEPARTMENT OF CORRECTION, | ) |
| | ) |
| | ) |
| Defendant. | ) |

---

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND COMPLAINT

---

Plaintiffs Ernest Kevin Trivette ("Mr. Trivette") and Disability Rights Tennessee ("DRT") (collectively, "Plaintiffs"), by and through counsel, file this Memorandum supporting their Motion to Amend Complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure and Local Rule 15.01.

## I.    FACTS AND PROCEDURAL HISTORY

On March 31, 2020, Mr. Trivette and DRT filed a Complaint, ECF No. 1, regarding TDOC's failure to provide effective communication to Mr. Trivette and other deaf and hard of hearing inmates in the custody of TDOC.  This includes TDOC's failure to provide qualified sign language interpreters, failure to provide equal access to its phone program, enforcement of discriminatory policies for phone access, lack of policies to ensure effective communication, and failure to grant other reasonable modifications and accommodations.  TDOC's failure to provide Mr. Trivette with effective communication and equal access to TDOC's programs and services is

part of a longstanding and ongoing pattern and practice of discrimination against deaf and hard of hearing inmates in violation of Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12131 *et seq.* ("Title II"), and Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794. In its representative capacity, DRT filed the Complaint on behalf of deaf and hard of hearing inmates in the custody of TDOC.

Defendant TDOC filed a Motion to Dismiss on or about May 7, 2020, ECF No. 10, in which it sought to dismiss this cause of action due to alleged timeliness and standing issues. The parties have completed briefing related to the Motion to Dismiss.

Plaintiffs seek to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) to add Alex Gordon Stinnett and Jason Andrew Collins as plaintiffs. Both Mr. Stinnett and Mr. Collins are Deaf and are currently in the custody of TDOC. They are thus facing the same discriminatory conditions as Mr. Trivette. From the time they entered TDOC custody in early 2020 and ongoing, TDOC has failed to provide them with effective communication, including but not limited to failure to provide qualified sign language interpreters and the lack of equal access to TDOC's phone program. In addition, TDOC lacks policies and procedures for ensuring effective communication and in some instances, such as its rules regarding phone usage by deaf inmates, has in place discriminatory policies. These violations are consistent with those alleged by Plaintiffs in their Complaint.

Mr. Stinnett is Deaf. His primary language is American Sign Language (ASL), not spoken or written English. Mr. Stinnett entered TDOC custody on approximately January 31, 2020 and is not eligible for parole until April 2021. He was initially held at Bledsoe County Correctional Complex (BCCX) and was later transferred to Northeast Correctional Complex (NECX) where he remains. Since entering TDOC custody, Mr. Stinnett has repeatedly asked

TDOC to provide him with a qualified sign language interpreter for effective communication. However, TDOC has consistently failed to provide effective communication to Mr. Stinnett, including for crucial events such as group orientation, classification, the STRONG-R evaluation, information about the Prison Rape Elimination Act (PREA), information about COVID-19, information about his parole hearing, and at medical appointments. In fact, TDOC has never provided Mr. Stinnett with a qualified sign language interpreter since the beginning of his incarceration. TDOC's failure to provide effective communication to Mr. Stinnett has also resulted in him being disciplined for violating rules of which he was unaware. In addition, Mr. Stinnett does not have equal access to TDOC's phone program due to TDOC's failure to provide a videophone in good working order. First Amended Complaint ¶¶ 7-12, 32-36, 84-114, 183-193.

Mr. Collins is Deaf. His primary language is ASL, not spoken or written English. Mr. Collins entered TDOC custody on approximately February 19, 2020 and has an anticipated end sentence date of October 2, 2022. TDOC has consistently failed to provide effective communication to Mr. Collins since the beginning of his incarceration, including for crucial events such as group orientation, classification, the STRONG-R evaluation, the Prison Rape Elimination Act (PRE) debrief, and at medical appointments. Because TDOC did not provide a qualified sign language interpreter to Mr. Collins for his STRONG-R evaluation, it had to be re-administered due to incorrect information about his charges. For a second time, TDOC failed to provide Mr. Collins with an interpreter for the STRONG-R evaluation, which TDOC touts as the "cornerstone of the Public Safety Act." In addition, Mr. Collins does not have equal access to TDOC's phone program. There is no videophone at BCCX, so Mr. Collins must rely on outdated technology inappropriate for native ASL speakers to attempt to communicate with his

hearing mother and is unable to communicate by phone with his three Deaf children at all. First Amended Complaint ¶¶ 13-18, 37-41, 115-130, 194-204.

Mr. Stinnett's and Mr. Collins's claims against TDOC and the relief they are seeking are identical to those pled by Plaintiffs Trivette and DRT in their Complaint. This includes TDOC's failure to provide qualified sign language interpreters, failure to provide equal access to its phone program, enforcement of discriminatory policies for phone access, lack of policies to ensure effective communication, and failure to grant reasonable modifications and accommodations. Complaint, ¶¶ 3-9, 35-68, 86-116, 138-140, 142. Because Mr. Stinnett and Mr. Collins are currently in TDOC custody and allege past and ongoing discrimination, their claims are timely and they have standing to pursue all available remedies including injunctive relief and damages.

## ARGUMENT

### I. Standard of Review

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that, after receipt of a responsive pleading, a party may amend its pleading with leave of court and, further, that such "leave shall be freely given when justice so requires." This Court recently opined that when deciding whether to grant a motion to amend, courts should consider the following factors: "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of the amendment." *Wanke v. Invasix, Inc. et al*, 2020 WL 2542594 at *5 (M.D. Tenn. May 19, 2020). This Court further noted that of these factors, the most important is "whether the amendment will actually solve the substantive problems it is intended to solve," *id*. at *8.

## II.    Plaintiffs' Motion Satisfies All Factors for Amending

Plaintiffs' Motion satisfies all factors this Court articulated in *Wanke*.  First, there has

been no undue delay.  The litigation is in its early stages; there is no scheduling order in place

and no discovery has been undertaken.  Second, there has been no abuse of the amendment

process, as this is the first motion to amend the complaint.  Third, there will be no prejudice to

the opposing party because the issues presented by Mr. Stinnett and Mr. Collins are the same

ones presented in the original Complaint.  In addition, Defendant had actual knowledge of Mr.

Stinnett's claims and knew or should have known of Mr. Collins' claims prior to the time

Plaintiffs filed their Complaint on March 31, 2020.[1]  Presumably, defense counsel will be the

same and the course of discovery will not be altered.  Any work Defendant has performed on this

case to date will be applicable to the Amended Complaint.  In addition, adding Mr. Stinnett and

Mr. Collins as plaintiffs will fully adjudicate the substantive issues of this lawsuit:  TDOC's

failure to provide deaf and hard of hearing inmates in state custody with effective

communication in violation of the ADA and Section 504.  In fact, adding Mr. Stinnett and Mr.

Collins as plaintiffs to this lawsuit will further judicial economy and save expenses by trying the

same issues in one action, as is required by Rule 1 of the Federal Rules of Civil Procedure.[2]

---

[1] By letter of March 4, 2020, Plaintiffs' counsel informed TDOC of Mr. Stinnett's claims.  In addition,  Mr. Collins entered TDOC custody on approximately February 19, 2020 and has been denied effective communication since that time.  Nevertheless, in Defendant's Reply to Response to Motion to Dismiss, Defendant states, "For all anyone knows there are no hearing impaired inmates currently in TDOC custody or none currently experiencing any kind of ADA or RA violation." ECF No. 14, 3-4.

[2] Rule 1 of the Federal Rules of Civil Procedure mandates that the rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."

This Court has stated that in the early stages of litigation, where a Motion to Dismiss is being adjudicated, if a plaintiff demonstrates a lack of futility, then this Court would be "overwhelmingly likely to grant leave to amend." *Wanke* 2020 WL 2542594 at *14. Here, amending the complaint to add Mr. Stinnett and Mr. Collins addresses alleged timeliness and standing issues raised by TDOC in its pending Motion to Dismiss, ECF. No. 10. Because Mr. Stinnett and Mr. Collins are currently in TDOC custody and allege past and ongoing discrimination, their claims are timely, and they have standing to pursue all available remedies including injunctive relief and damages. Therefore, it is not futile for Plaintiffs to file an amended complaint to add Mr. Stinnett and Mr. Collins.

### III. Conclusion

As discussed above, justice requires that Plaintiffs' Motion to Amend the Complaint be granted to add Alex Stinnett and Jason Collins as plaintiffs. Accordingly, Plaintiffs ask this Court to grant its Motion to Amend the Complaint.

Respectfully submitted,

DISABILITY RIGHTS TENNESSEE

/s/ Stacie L. Price

Stacie L. Price (TN Bar# 030625)
Disability Rights Tennessee
2 International Plaza, Suite 825
Nashville, TN 37217
(615) 298-1080
staciep@disabilityrightstn.org

Daniel L. Ellis (TN Bar# 028130)
Disability Rights Tennessee
9050 Executive Park Drive, Suite B-101
Knoxville, TN 37923
(865) 670-2944
daniele@disabilityrightstn.org

6

CIVIL RIGHTS EDUCATION AND ENFORCEMENT CENTER

/s/ Martha M. Lafferty

Martha M. Lafferty (TN Bar# 019817)
Civil Rights Education and Enforcement Center
525 Royal Parkway, #293063
Nashville, TN 37229
(615) 913-5099
mlafferty@creeclaw.org

Amy F. Robertson* (CO Bar# 25890)
Civil Rights Education and Enforcement Center
1245 E. Colfax Ave., Suite 400
Denver, CO 80218
(303) 757-7901
arobertson@creeclaw.org
*Pro Hac Vice

Attorneys for Plaintiffs.

Dated: July 13, 2020

7

**<u>CERTIFICATE OF SERVICE</u>**

I certify that, on July 13, 2020, I served the foregoing document upon all parties herein by e-filing with the CM/ECF system maintained by the court which will provide notice to the following:

Pamela S. Lorch
Tennessee Attorney General's Office
P O Box 20207
Nashville, TN 37202-0207
(615) 741-3491
pam.lorch@ag.tn.gov

*s/ Yashna Eswaran*
Paralegal
Civil Rights Education and Enforcement Center

8