IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ERNEST KEVIN TRIVETTE, et al. ) | |
|     Plaintiff, ) | |
| v. ) | No. 3:20-cv-0276 |
| ) | |
| TENNESSEE DEPT OF CORRECTION, ) | |
|     Defendant. ) | |

## TENNESSEE DEPARTMENT OF CORRECTION'S REPORT

On May 5, 2021, the Court ordered that defendant, Tennessee Department of Correction (TDOC) work with Disability Rights Tennessee, inmate Alex Stinnett and inmate Jason Collins to evaluate potential temporary options to enable Mr. Stinnett and Mr. Collins to have videophone access in prison without the need for assistance, accompaniment, or special supervision by prison officials for each use until such time as TDOC installs its anticipated new telecommunications systems. (DE 60 Order, PageId #1115). Further, the Court ordered that within three months of May 5, 2021, TDOC file either (1) a Notice of a plan to provide such access within six months of May 5, 2021 or (2) a detailed explanation for why such an accommodation would be unreasonable, including specific cost determinations related to any proposals suggested by the plaintiffs. (*Id.*).

Pursuant to the Court's Order, TDOC respectfully reports that it diligently pursued a plan to enable inmate Collins to have access to a videophone without the need for assistance, accompaniment or special supervision by prison officials. It did not pursue a plan for inmate Stinnett as the matter was moot for inmate Stinnett as he was released from prison on parole on April 29, 2021.

Inmate Collins resides in Northeast Correctional Complex (NECX)'s main compound. On June 17, 2021, TDOC was able to install a videophone in inmate Collins' housing unit so that Inmate Collins can access it without the involvement of prison officials, during the hours that

hearing inmates may use telephones. Inmate Collins has made many videophone calls since the installation. However, he states that he is having some difficulty with the quality of the calls. But, before that issue was worked out, he twice requested placement in protective custody. While in protective custody, he was given access to a videophone on par with hearing inmates in protective custody's access to telephones. Since the inmates are in protective custody, they cannot access telephonic communications without the assistance of correction officers (to protect them from physical harm). Mr. Collins was in protective custody twice, for two or three days at a time. He is now residing again in the main compound. However, Mr. Collins is expected to be released from prison on parole within a couple of weeks. He was granted parole on May 14, 2021, subject to a pre-release condition that he complete a cognitive behavioral intervention programming class. Mr. Collins was expected to complete the class on July 27, 2021. Persons involved in the parole release process are currently working on Mr. Collins' case.

    Respectfully submitted,

    HERBERT H. SLATERY III
    Attorney General and Reporter

    /s/ Pamela S. Lorch
    PAMELA S. LORCH BPR 8968
    Senior Assistant Attorney General
    PO Box 20207
    Nashville, TN 37202
    (615) 397-8035
    Pam.lorch@ag.tn.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on August 2, 2021, the foregoing was filed electronically pursuant to the Federal Court's electronic filing system. A copy will be served electronically pursuant to said system to all parties who have appeared electronically:

Attorney Stacie L. Price
Disability Rights Tennessee
2 International Plaza, Suite 825
Nashville, TN 37217

Attorney Daniel L. Elis
Disability Rights Tennessee Attorney General
9050 Executive Park Drive, Suite B-101
Knoxville, TN 37923

Attorney Martha M. Lafferty
Civil Rights Education and Enforcement Center
525 Royal Parkway #293063
Nashville, TN 37229

Attorney Amy F. Robertson
Civil Rights Education and Enforcement Center
1245 E. Colfax Avenue Suite 400
Denver, CO 80218

      /s/ Pamela S. Lorch
      PAMELA S. LORCH