IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ERNEST KEVIN TRIVETTE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> TENNESSEE DEPARTMENT OF CORRECTION, <br><br> Defendant. | Civil No. 3:20-cv-00276 <br> **Judge Aleta A. Trauger** |

## INITIAL CASE MANAGEMENT ORDER

Now come the Plaintiffs and Defendant, by counsel, pursuant to Rule 26(f) of the Federal Rules of Civil Procedure with their Joint Proposed Initial Case Management Order. Counsel for the parties met on October 8, 2021. Representing Plaintiffs were Stacie Price and Daniel L. Ellis of Disability Rights Tennessee (DRT); representing Defendant was Pamela S. Lorch, Senior Assistant Attorney General, Civil Law Division. Counsel discussed and considered all items identified in Rule 26(f)(2) and the Court's local rule.

A.     JURISDICTION: This action arises under the laws of the United States. The court has jurisdiction pursuant 28 U.S.C. §§ 1331 and 1343.

B.     BRIEF THEORIES OF THE PARTIES

    1) PLAINTIFF: Plaintiffs bring these claims under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 et seq. ("ADA" or "Title II"), and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 ("Section 504"), to challenge TDOC's discrimination against and resulting injury to Mr. Trivette, Mr. Stinnett, Mr. Collins, and Mr. White who are all Plaintiffs and DRT's

1

Exemplar Constituents, and all deaf and hard of hearing inmates currently in TDOC custody who are all DRT's constituents. Plaintiffs allege that TDOC has discriminated against Plaintiffs in violation of the ADA on the basis of their disabilities and in violation of Section 504 solely by reason of their disabilities. This discrimination includes but is not limited to failure to provide equal access to TDOC's programs, services, and activities; failure to provide effective communication; failure to make reasonable modifications in policies, practices, and/or procedures; and failure to provide appropriate auxiliary aids and services. Plaintiffs seek declaratory relief, injunctive relief, damages, and award of reasonable attorneys' fees and costs.

2) **DEFENDANT:** Defendant Tennessee Department of Correction denies that it has discriminated against Plaintiffs on the basis of their disability in violation of the ADA or RA. TDOC provides equal access, effective communications, reasonable modifications in its policies, practices and/or procedures and appropriate auxiliary aids and services to Deaf and hard-of-hearing persons incarcerated in TDOC prisons. Defendant denies that Plaintiffs are entitled to declaratory relief, injunctive relief, damages, or an award of attorneys' fees and costs.

C. **ISSUES RESOLVED:** Venue.

D. **ISSUES STILL IN DISPUTE:** Jurisdiction, liability, injunctive relief, and damages.

E. **INITIAL DISCLOSURES:** The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before **November 30, 2021.**

2

F. DISCOVERY: The parties shall complete all written discovery and depose all fact witnesses on or before **July 15, 2022.** Discovery is not stayed during dispositive motions, unless ordered by the court. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

G. MOTIONS TO AMEND: The parties shall file all Motions to Amend on or before **February 1, 2022.**

H. DISCLOSURE OF EXPERTS: The Plaintiffs shall identify and disclose all expert witnesses and expert reports on or before **August 15, 2022.** The Defendant shall identify and disclose all expert witnesses and reports on or before **September 30, 2022.**

I. DEPOSITION OF EXPERT WITNESSES: The parties shall depose all expert witnesses on or before **November 30, 2022.**

J. JOINT MEDIATION REPORT: The parties shall file a joint mediation report on or before **December 15, 2022.**

K. EFFECTIVE COMMUNICATION DURING DEPOSITIONS: The party noticing the deposition has the obligation to provide the effective communication required by Title II of the ADA.

L. DISPOSITIVE MOTIONS: The parties shall file all dispositive motions on or before **January 15, 2023**. Responses to dispositive motions shall be filed within twenty-one (21) days after the filing of the motion. Optional replies may be filed within ten (10) days after the filing of the responses. Briefs shall not exceed 20 pages. No

3

Case 3:20-cv-00276   Document 70   Filed 10/22/21   Page 3 of 5 PageID #: 1291

motion for partial summary judgment shall be filed except upon leave of the court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel, and the court.

M. ELECTRONIC DISCOVERY: The parties have discussed electronic discovery and have agreed on some basic guidelines. Therefore, Administrative Order No. 174-1 need not apply to this case. However, should a dispute in electronic discovery arise, the default standards of AO No. 174-1 will apply."

N. ESTIMATED TRIAL TIME: The parties expect the trial to last approximately **7-10 days**.

It is so **ORDERED**.

_____
Aleta A. Trauger
U.S. District Judge

Approved for Entry:

**COUNSEL FOR PLAINTIFFS**

DISABILITY RIGHTS TENNESSEE
/s/Stacie L. Price
STACIE L. PRICE (TN Bar# 030625)
Disability Rights Tennessee
2 International Plaza, Suite 825
Nashville, TN 37217
(615) 298-1080 staciep@disabilityrightstn.org

/s/Daniel L. Ellis
DANIEL L. ELLIS (TN Bar# 028130)
Disability Rights Tennessee
9050 Executive Park Drive, Suite B-101
Knoxville, TN 37923 (865) 670-2944
daniele@disabilityrightstn.org

CIVIL RIGHTS EDUCATION AND ENFORCEMENT CENTER
/s/ Martha M. Lafferty
MARTHA M. LAFFERTY (TN Bar# 019817)
Civil Rights Education and Enforcement Center
525 Royal Parkway, #293063 Nashville, TN 37229 (615) 913-5099
mlafferty@creeclaw.org

/s/ Pilar Gonzalez *
MARIA DEL PILAR GONZALEZ MORALES (CA Bar# 308550)
1825 N. Vermont Ave.,
Suite #27916
Los Angeles, CA 90027
* Subject to pending filing Application for Admission Pro Hac Vice

**COUNSEL FOR DEFENDANT**

/s/ Pamela S. Lorch
PAMELA S. LORCH BPR 8968
Senior Assistant Attorney General, Civil Law Division
P.O. Box 20207 Nashville, Tennessee 37202
615-532-2549
Pam.Lorch@ag.tn.gov