**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**AT NASHVILLE**

ERNEST KEVIN TRIVETTE, et al.,    )
         Plaintiffs,          )
v.                        )     No. 3:20-cv-00276
                          )     JUDGE TRAUGER
TENNESSEE DEPT. OF CORRECTION,   )     JURY TRIAL DEMANDED
         Defendant.        )

**DEFENDANT'S ANSWER**
**TO FOURTH SUPPLEMENTAL COMPLAINT**

By its May 24, 2023 Order (Doc. 147), this Court granted in part Plaintiffs' request (Doc. 120) to plead supplemental facts that occurred since the filing of the Third Amended and Supplemental Complaint (Doc. 90)(TASC). Pursuant to the Court's Order, the supplemental complaint should be drafted to supplement, not supersede, the TASC. From Defendant's manual comparison review between the Fourth Amended Complaint and the TASC, it appears that the following paragraph sections (which are highlighted herein) were amended-supplemented:

¶¶ 20; 22; [old TASC ¶ 42 deleted]; 47; 66 -67; [old TASC ¶ 93 deleted]; 208-209;

238 [New paragraph 238 replaced old TASC ¶¶ 237 – 240]; 349; 352; 356; 387;

[old TASC ¶¶ 389-390 and 392-393 deleted, old TASC ¶ 391 became new ¶ 387];

388; 415; [old TASC ¶ 423 deleted]; 417; 423; [old TASC ¶¶ 434 and 435 deleted];

431 ; 439; 440; 444 [old TASC ¶ 457 deleted].

` Comes now Defendant Tennessee Department of Correction (TDOC) and answers the Fourth Supplemental Complaint (Doc. 148), as follows:

1. Admitted.

2. Admitted that Mr. Trivette is deaf. As to the remaining allegations, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

1

3. Denied.

4. Admitted that Defendant communicated with Mr. Trivette verbally, by written notes, and/or through persons with knowledge of sign language. Remainder is denied.

5. Denied.

6. Denied. It is denied that TDOC failed to provide Mr. Trivette with effective communication and equal access to programs and services.

7. Admitted.

8. Admitted that Mr. Stinnett is deaf. As to the remaining allegations, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

9. Denied.

10. It is admitted that TDOC communicated with Mr. Stinett with handwritten notes and verbal communication among other methods. All other allegations are denied.

11. Denied.

12. Denied. It is denied that TDOC failed to provide Mr. Stinnett with effective communication and equal access to TDOC's programs and services.

13. Admitted.

14. Admitted that Mr. Collins is deaf. As to the remaining allegations, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

15. It is admitted that TDOC communicated with Mr. Collins verbally, with written notes, and with gestures, among other methods of communication. Except as otherwise admitted, the allegations are denied.

16. Denied.

17. Denied.

18.  Denied.  It is denied that TDOC failed to provide Mr. Collins with effective communication and equal access to TDOC's programs and services.

19.  Admitted that Mr. White is deaf.   As to the remaining allegations, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

20.  The first, second, and fourth sentences are admitted.  The remainder is denied.

21.  It is admitted that TDOC communicated with Mr. White verbally, with gestures, and with written notes, among other methods of communication. The remaining allegations are denied.

22.  Denied.    [Last sentence added to this paragraph]

23.  It is admitted that the grievance form is in written English.  The remainder is denied.

24.  Denied.  It is denied that TDOC failed to provide Mr. White with effective communication and equal access to TDOC's programs and services.

25.  Admitted.

26.  Admitted.

27.  It is admitted that Mr. Owens is deaf.  As to the remaining allegations, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

28.  TDOC lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding whether Mr. Owens requires a qualified sign language interpreter for communications and whether he was provided a sign language interpreter at orientation, classes, or medical appointments. TDOC denies that Mr. Owens did not have a qualified interpreter for classification. The remaining allegations are denied as stated. Although TDOC admits that Mr. Owens did not have a qualified interpreter for disciplinary hearings, TDOC did not "fail" to provide an interpreter. Mr. Owens has indicated that he prefers to communicate in written English, and TDOC conducted those proceedings according to his preferences.

29. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation regarding "appropriate telephone equipment", because that term is not defined. The remaining allegations are denied.

30. Admitted.

31. Admitted.

32. Denied.

33. Denied.

34. Denied.

35. Admitted.

36. It is admitted that Ms. Bingham is housed at the Women's Therapeutic Residential Center.

37. Admitted.

38. Denied.

39. Denied.

40. Denied.

41. It is admitted that DRT has advocated for TDOC to provide effective communication for deaf and hard of hearing inmates. Denied that such advocacy has been "repeatedly" done. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

42. [Old TASC Paragraph 42 deleted]. Denied. It is denied that TDOC has put up barriers to effective communication.

43. Admitted that the complaint is filed under Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act. The remainder of this paragraph contains conclusions of

4

law that do not require a response. To the extent that a response is required, the allegations are denied.

44. This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, the allegations are denied.

45. This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, the allegations are denied.

46. This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, the allegations are denied.

47. This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, the allegations are denied.

48. This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, the allegations are denied.

49. Admitted.

50. Admitted.

51. Admitted.

52. Admitted that Mr. Trivette is deaf.

53. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

54. This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

55. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

56. Admitted.

57. Admitted that Mr. Stinnett is deaf.

58. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

59. This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

60. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

61. Admitted.

62. Admitted that Mr. Collins is deaf.

63. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

64. This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

65. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

66. Admitted.

67. Admitted.

68. Admitted that Mr. White is deaf.

69. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

70. This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

71. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

72. Admitted.

73. Admitted.

74. Admitted that Mr. Owens is deaf.

75. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

76. This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

77. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

78. Denied.

79. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

80. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

81. Denied.

82. This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

83. Admitted.

84. Admitted.

85. Admitted.

86. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

87. Denied.

88. This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, they are denied.

89. Admitted.

90. Admitted.

91. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

92. Admitted in part and denied in part. TDOC denies that it violates the federally protected rights of the inmates in its custody. The remaining allegations are admitted.

93. [Old TASC paragraph 93 deleted.] This paragraph contains statements that do not require a response. To the extent a response is required, it is denied that TDOC is denying equal access to programs and services and effective communication to deaf and hard of hearing inmates. As to the remaining allegations, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

94. Admitted.

8

95. Admitted.

96. Admitted.

97. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

98. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

99. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

100. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

101. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

102. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations. In addition, this paragraph references written documents, which speak for themselves, and any statement or allegation that conflicts with the contents of those documents is denied.

103. This paragraph quotes in part from a written document, which speaks for itself, and any statement or allegation that conflicts with the contents of that document is denied.

104. Denied.

105. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations. In addition, this paragraph references written documents, which speak for themselves, and any statement or allegation that conflicts with the contents of those documents is denied.

106. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

107. Denied.

108. Admitted that TDOC provided Mr. Trivette with a qualified sign language interpreter on at least a handful of occasions. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning the total number of times that Mr. Trivette was provided with interpreters.

109. Admitted.

110. Admitted that TDOC did not provide an interpreter for Mr. Trivette's CBIP program.

111. Admitted.

112. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

113. Denied.

114. Denied. Denied there were any written tests.

115. Admitted.

116. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

121. Admitted.

122. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

123. It is denied that Mr. Trivette did not understand the information. Denied.

124. Denied.

125. Admitted.

126. Admitted.

127. Denied.

128. Denied.

129. It is admitted that on occasion TDOC would provide an inmate ASL interpreter. It is denied that the interpreter was not qualified.

130. Admitted TDOC used inmate ASL interpreters with Mr. Trivette's consent.

131. It is admitted that on occasion TDOC would provide an inmate ASL interpreter. It is denied that the interpreter was not qualified.

132. This paragraph construes and quotes from written documents that speak for themselves, and any allegation that conflicts with the contents those documents is denied. To the extent that the allegations are not related to the contents of written documents, Defendant denies that it denied Mr. Trivette required effective communication, and Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

133. Denied.

134. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

135. Admitted that TDOC is aware that Mr. Stinnett is deaf.

136. Denied.

137. Denied

138. Denied.

139. Admitted.

140. Admitted.

141. This paragraph quotes from a written document, which speaks for itself, and any statement or allegation that conflicts with the contents of that document is denied.

142. This paragraph quotes from a written document, which speaks for itself, and any statement or allegation that conflicts with the contents of that document is denied.

143. Denied.

144. Denied.

145. Denied.

146. Denied.

147. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

148. Admitted.

149. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

150. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

151. Admitted.

152. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

153. Denied.

154. Admitted.

155. Denied.

156. Admitted.

157. Admitted.

158. Admitted.

159. Admitted.

160. Denied.

161. Denied.

162. Denied.

163. Denied.

164. Denied.

165. Admitted.

166. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

167. Admitted that TDOC is aware that Mr. Collins is deaf.

168. Admitted.

169. Denied.

170. Admitted.

171. Admitted.

172. Denied.

173. Admitted that written notes were used on occasion.

174. Denied.

175. Denied.

176. Admitted.

177. Denied.

178. Denied.

179. Denied.

180. Denied.

181. Denied.

182. Admitted. However, Defendant believes that the company responsible for health services, Centurion, added interpretive services through video conferencing using Language Solutions as their vendor to assist Mr. Collins.

183. Denied.

184. Admitted.

185. Denied.

186. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

187. Admitted that TDOC is aware that Mr. White is deaf.

188. Denied.

189. Denied.

190. Denied that TDOC never provided Plaintiff White with a qualified sign language interpreter. As to the remaining allegations, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

191. Admitted.

192. Admitted. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation that ASL is Plaintiff White's "native language."

193. Admitted.

194. Admitted.

195. Denied.

14

196.  Admitted.

197.  Admitted.

198. Denied.

199.  Admitted.

200.  Denied.

201.  Denied.

202.  Denied.

203.   It is admitted that TDOC has used written notes as well as other methods of communication. As to the remaining allegations, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

204.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

205.  Denied.

206.  It is admitted that TDOC used an inmate ASL interpreter.  Denied that it was not effective.

207.  Denied.

208.  Denied that the interpretation and communication was ineffective.  The remaining allegations in the first, second, and fourth sentence are admitted.  As to the third sentence, Defendant avers that DRT's proffered Deaf interpreter was unable on short notice to participate virtually from an approved secured location.

209.  It is admitted that Mr. White was granted parole at the August 4, 2022 hearing.  The remaining allegations are denied.

210.  Denied.

211. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

212. Admitted that TDOC is aware that Mr. Owens is deaf.

213. Denied.

214. Admitted.

215. Denied.

216. Denied.

217. Denied.

218. Denied.

219. Denied.

220. Denied.

221. Denied.

222. Admitted that Mr. Owens waived his rights at many of the hearings, but not all of them.

223. Admitted that Mr. Owens waived his rights at many of the hearings, but not all of them. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation that ASL is Mr. Owens' primary language. It is admitted that Mr. Owens has a due process right during disciplinary hearings.

224. Admitted that Mr. Owens did not have an interpreter for most of the hearings. It is denied that Mr. Owens asked for an interpreter. The remaining allegations are denied.

225. Denied. Denied that Mr. Owens asked for an interpreter and denied that he failed to understand the proceedings.

226. Denied.

227. Denied.

228.  Admitted.

229.  Denied.

230.  Admitted.

231.  Denied.

232.  Denied.

233.   It is admitted that Mr. Giles attended classes and religious services.   The remaining allegations are denied.

234.  Denied.

235.  Denied.

236.  It is denied that Mr. Giles cannot equally participate and engage in TDOC's programs and services. The remaining allegations are admitted.

237.  Denied.  It is denied that TDOC violated Mr. Giles' rights.

238.   Admitted that TDOC has promulgated a policy relating to deaf and hard of hearing incarcerated people.   The remaining allegations are denied. [New paragraph 238 replaced old TASC paragraphs 237 – 240].

239.  This paragraph references written documents, which speak for themselves, and any statement or allegation that conflicts with the contents of those documents is denied.

240.  Denied.

241.  Denied.

242.  Admitted.

243.  Admitted.

244.  Admitted.

245.  Admitted.

246. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

247. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

248. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

249. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

250. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

251. Admitted.

252. Admitted.

253. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

254. Admitted.

255. This paragraph references a written document, which speaks for itself, and any statement or allegation that conflicts with the contents of that document is denied.

256. This paragraph references a written document, which speaks for itself, and any statement or allegation that conflicts with the contents of that document is denied. Denied that telephones are "readily accessible." The remaining allegations are admitted.

257. This paragraph references a written document, which speaks for itself, and any statement or allegation that conflicts with the contents of that document is denied. Denied that telephones are "generally available." Otherwise, the remaining allegations are admitted.

258. This paragraph references a written document, which speaks for itself, and any statement or allegation that conflicts with the contents of that document is denied. Otherwise, the remaining allegation is admitted.

259. Denied.

260. This paragraph references a written document, which speaks for itself, and any statement or allegation that conflicts with the contents of that document is denied. Otherwise, admitted.

261. Denied.

262. Admitted.

263. Admitted.

264. Denied.

265. This paragraph references a written document, which speaks for itself, and any statement or allegation that conflicts with the contents of that document is denied. Otherwise, admitted.

266. This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, it is denied.

267. Denied.

268. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

269. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

270. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

271. Admitted.

272.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation that the resulting conversation can cause extreme delays, miscommunication, and confusion.  The remaining allegations are admitted.

273.  Denied.

274.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

275.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

276.  Denied.

277.  Denied.

278.  This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, it is denied.

279.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

280.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

281.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

282.  This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, it is denied.

283.  This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, it is denied.

284.  Denied.

285.  Denied.

286.  Denied.

287.  Admitted.

288.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

289.  Denied.

290.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

291.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

292.  Denied.

293.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

294.  Denied that Mr. Stinnett requested a videophone.

295.  Admitted.

296.  Admitted that there are videophones at NECX.  The remainder is denied.

297.  This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, it is denied.

298.  This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, it is denied.

299.  Admitted that videophones and telephones are different communication systems.  Remainder is denied.

300.  Admitted.

301. Denied.

302. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

303. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

304. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

305. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

306. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

307. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

308. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

309. Defendants admit that Mr. Collins was transferred to NECX and that he had access to the videophone system there. Remainder is denied.

310. Admitted there are videophones at NECX. The remainder is denied.

311. Admitted that TDOC installed a videophone system in Mr. Collins' housing unit in June 2021. Remainder is denied.

312. Denied.

313. Admitted.

314. Admitted.

315.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

316.  Admitted there is a videophone at NECX. Remainder is denied.

317.  Denied.

318.  Denied.

319.  Admitted that there is a videophone in the housing unit at the NECX main compound. Remainder is denied.

320.  Denied.

321.  Denied.

322.  Denied.

323.  It is admitted that a VP was installed in Mr. Owens' housing unit in March 2022.  Remainder is denied.

324.  Denied.

325.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

326.  Admitted that Mr. Giles uses the phone.  As to the remainder, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

327.  Admitted that TDOC does not have Cap Tel phones. Remainder is denied.

328.  Denied.

329.  This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, it is denied.

330.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

331.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

332.  Admitted that TDOC does not have Cap Tel phones.  Remainder is denied.

333.  Denied.

334.  This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, it is denied.

335.  This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, it is denied.

336.  This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, it is denied.

337.  Denied.

338.  It is admitted that Ms. Bingham has stated that she is hard of hearing.  Remainder is denied.

339.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

340.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

341.  Denied.

342.  Denied.

343.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

344.  Denied.

345.  Denied.

346.  Denied.

347.  Denied.

348.  Denied.

349.  This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, it is denied. [It also appears that the supplement-edits to this paragraph are beyond the scope of permissible supplementation allowed by this Court's May 24, 2023 Order (Doc. 147)].

350.  This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, it is denied.

351.  This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, it is denied.

352.  This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, it is denied.

353.  This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, it is denied.  It is denied that TDOC refused to provide effective communication to Mr. Trivette.

354.  This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, it is denied.  It is denied that TDOC refused to provide effective communication to Mr. Stinnett.

355.  This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, it is denied.  It is denied that TDOC refused to provide effective communication to Mr. Collins.

356. This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, it is denied. It is denied that TDOC refused to provide effective communication to Mr. White.

357. This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, it is denied. It is denied that TDOC failed to provide effective communication to Mr. Owens.

358. This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, it is denied. It is denied that TDOC failed to provide effective communication to Mr. Giles.

359. This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, it is denied. It is denied that TDOC refused to provide effective communication to Ms. Bingham.

360. This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, it is denied.

361. This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, it is denied. It is denied that TDOC refused to provide a videophone to Mr. Trivette or otherwise violate his rights.

362. This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, it is denied. It is denied that TDOC refused to provide a videophone to Mr. Collins or otherwise violate his rights.

363. This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, it is denied. It is denied that TDOC refused to provide a videophone to Mr. Collins or otherwise violate his rights.

26

364. This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, it is denied. It is denied that TDOC refused to provide a videophone to Mr. White or otherwise violate his rights.

365. This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, it is denied. It is denied that TDOC failed to provide a working phone to Mr. Owens or otherwise violate his rights.

366. This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, it is denied. It is denied that TDOC violated Mr. Giles' rights.

367. This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, it is denied. It is denied that TDOC violated Ms. Bingham's rights.

368. This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, it is denied.

369. This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, it is denied.

370. Admitted.

371. Admitted.

372. Admitted.

373. Admitted.

374. This paragraph references written documents, which speak for themselves, and any statement or allegation that conflicts with the contents of those documents is denied. Otherwise, admitted.

375. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

376.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

377.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

378.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

379.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

380.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

381.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

382.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

383.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

384.  This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, it is denied.

385.  This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, it is denied.

386.  This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, it is denied.

387.  This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, it is denied.  It is denied that TDOC denied or violated any rights.  [Deleted old TASC paragraphs 389-390, and 392-393.  Old TASC paragraph 391 became new ¶ 387].

388.  Defendant incorporates its answers to paragraphs 1-387.

389.  This paragraph references a written document, which speaks for itself, and any statement or allegation that conflicts with the contents of that document is denied.  Otherwise, admitted.

390.  This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.  However, this paragraph references a written document, which speaks for itself, and any statement or allegation that conflicts with the contents of that document is denied.

391.  This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.  However, this paragraph references a written document, which speaks for itself, and any statement or allegation that conflicts with the contents of that document is denied.

392.  This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.  However, this paragraph references a written document, which speaks for itself, and any statement or allegation that conflicts with the contents of that document is denied.

393.  This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief about

the truth of the allegations. However, this paragraph references a written document, which speaks for itself, and any statement or allegation that conflicts with the contents of that document is denied.

394. This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations. However, this paragraph references a written document, which speaks for itself, and any statement or allegation that conflicts with the contents of that document is denied.

395. This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, it is denied. Moreover, this paragraph references a written document, which speaks for itself, and any statement or allegation that conflicts with the contents of that document is denied.

396. This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations. However, this paragraph references a written document, which speaks for itself, and any statement or allegation that conflicts with the contents of that document is denied.

397. This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, it is denied.

398. This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, it is denied.

399. This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, it is denied.

400. This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, it is denied.

401. This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, it is denied.

402. This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, it is denied.

403. This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, it is denied.

404. This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, it is denied, including all subparts. It is denied that TDOC denied or violated any rights.

405. This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations. However, this paragraph references a written document, which speaks for itself, and any statement or allegation that conflicts with the contents of that document is denied.

406. This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations. However, this paragraph references a written document, which speaks for itself, and any statement or allegation that conflicts with the contents of that document is denied.

407. This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, it is denied.

31

408. This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, it is denied.

409. This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, it is denied.

410. This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, it is denied.

411. This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, it is denied.

412. This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, it is denied.

413. This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, it is denied.

414. This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, it is denied.

415. This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, it is denied. It is denied that TDOC discriminated against Plaintiffs.

416. This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, it is denied. It is denied that TDOC has discriminated against any deaf or hard of hearing inmate.

[old TASC paragraph 423 deleted.]

417. Defendants incorporate their answers to paragraphs 1-416.

418. This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, it is admitted. However, this paragraph references a written document,

32

which speaks for itself, and any statement or allegation that conflicts with the contents of that document is denied.

419.  This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, it is admitted.  However, this paragraph references a written document, which speaks for itself, and any statement or allegation that conflicts with the contents of that document is denied.

420.  This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.  However, this paragraph references a written document, which speaks for itself, and any statement or allegation that conflicts with the contents of that document is denied.

421.  This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.  However, this paragraph references a written document, which speaks for itself, and any statement or allegation that conflicts with the contents of that document is denied.

422.  This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.  However, this paragraph references a written document, which speaks for itself, and any statement or allegation that conflicts with the contents of that document is denied.

423.  This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief about

the truth of the allegations. However, this paragraph references a written document, which speaks for itself, and any statement or allegation that conflicts with the contents of that document is denied.

424. This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations. However, this paragraph references a written document, which speaks for itself, and any statement or allegation that conflicts with the contents of that document is denied.

425. This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, it is denied. However, this paragraph references a written document, which speaks for itself, and any statement or allegation that conflicts with the contents of that document is denied.

426. This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations. However, this paragraph references a written document, which speaks for itself, and any statement or allegation that conflicts with the contents of that document is denied.

[Deleted old TASC paragraphs 434 and 435].

427. This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, it is denied, including subparts.

428. This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations. However, this paragraph references a written document, which speaks

34

for itself, and any statement or allegation that conflicts with the contents of that document is denied.

429.  This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.  However, this paragraph references a written document, which speaks for itself, and any statement or allegation that conflicts with the contents of that document is denied.

430.  This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.  However, this paragraph references a written document, which speaks for itself, and any statement or allegation that conflicts with the contents of that document is denied.

431.  This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.  However, this paragraph references a written document, which speaks for itself, and any statement or allegation that conflicts with the contents of that document is denied.

432.  This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.  However, this paragraph references a written document, which speaks for itself, and any statement or allegation that conflicts with the contents of that document is denied.

433.  This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, it is denied.  Moreover, this paragraph references a written document, which speaks for itself, and any statement or allegation that conflicts with the contents of that document is denied.

434.  This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.  However, this paragraph references a written document, which speaks for itself, and any statement or allegation that conflicts with the contents of that document is denied.

435. This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, it is denied.

436.  This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, it is denied.  It is denied that TDOC violated any rights.

437.  This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, it is denied.  It is denied that TDOC violated any rights.

438.  This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, it is denied.  It is denied that TDOC violated any rights.

439.  This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, it is denied.  It is denied that TDOC violated any rights.

440.  This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, it is denied.  It is denied that TDOC violated any rights.

441.  This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, it is denied.  It is denied that TDOC violated any rights.

442. This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, it is denied. It is denied that TDOC violated any rights.

443. This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, it is denied. It is denied that TDOC violated any rights.

444. This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, it is denied. It is denied that TDOC violated any rights.

445. This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, it is denied. It is denied that TDOC violated any rights.

446. This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, it is denied. It is denied that TDOC violated any rights.

447. This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, it is denied. It is denied that TDOC violated any rights.

448. This paragraph contains conclusions of law that do not require a response. To the extent that a response is required, it is denied. It is denied that TDOC violated any rights.

[Old TASC paragraph 457 deleted].

## DEFENSES

1. Plaintiffs' claims, in whole or in part, fail to state a claim upon which relief can be granted.

2. Plaintiffs' claims for damages are barred in whole or in part by the immunity afforded to Defendants under the Eleventh Amendment to the Constitution of the United States.

3. Some or all of Plaintiffs' claims are barred by the one-year statute of limitations.

4. Under the ADA and RA, a public entity is not required to take any action which would result in a fundamental alteration in the nature of a service, program or activity or undue financial or administrative burdens.

5.  Plaintiff DRT lacks associational standing, and Plaintiffs lack standing to seek injunctive relief.

6.  Plaintiffs failed to exhaust their administrative remedies prior to filing suit in derogation of the Prison Litigation Reform Act.

7.  Pursuant to the Prison Litigation Reform Act, Plaintiffs are not entitled to damage as they did not sustain any physical injury.

8.  Pursuant to the Prison Litigation Reform Act, Plaintiffs' attorneys' fees, if any, are limited to no more than 150% of any damages amount awarded to Plaintiffs.

9.  Defendant reserves the right to amend or supplement this Answer as necessary.

       WHEREFORE, Defendant requests that the Court dismiss the complaint with prejudice and award Defendant a reasonable attorney's fee, litigation expenses (including expert expenses) and costs as the prevailing party, pursuant to the ADA and the RA, and such other relief as the Court deems to be just and equitable.

## JURY DEMAND

Defendant respectfully demands a jury trial.

       Respectfully submitted,

**JONATHAN SKRMETTI**
**Attorney General and Reporter**

_/s/ Steven A. Hart_
STEVEN A. HART, BPR 007050
JEFFREY B. CADLE, BPR 037037
Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, Tennessee 37202-0207
(615) 741-2472
steve.hart@ag.tn.gov
jeffrey.cadle@ag.tn.gov

38

## CERTIFICATE OF SERVICE

I certify that, on June 9, 2023, I served the foregoing document upon counsel for Plaintiffs below via the Court's CM/ECF system:

Jack W. Derryberry, Jr.
Stacie L. Price
Disability Rights Tennessee
2 International Plaza, Suite 825
Nashville, TN 37217
staciep@disabilityrightstn.org

Daniel L. Ellis
Disability Rights Tennessee
9050 Executive Park Drive, Suite B-101
Knoxville, TN 37923
daniele@disabilityrightstn.org

Amy F. Robertson
Fox and Robertson, PC
1 Broadway, Suite B205
Denver, CO 80203
arob@foxrob.com

Stuart John Seaborn
Disability Rights Advocates
2001 Center Street, 4th Floor
Berkeley, CA 94704
sseaborn@dralegal.org

Torie Alisa Atkinson
Madeleine J. Reichman
Disability Rights Advocates
655 Third Avenue, 14th Floor
New York, NY 10017
tatkinson@dralegal.org
mreichman@dralegal.org

*/s/ Steven A. Hart*