UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **ERNEST KEVIN TRIVETTE et al.** | )<br>)<br>) |
| **Plaintiffs,** | )<br>) |
| **v.** | ) Case No. 3:20-cv-00276<br>) Judge Aleta A. Trauger |
| **TENNESSEE DEPARTMENT OF CORRECTION,** | )<br>)<br>) |
| **Defendant.** | )<br>)<br>) |

## ORDER

For the reasons explained in the accompanying Memorandum, the Partial Motion for Summary Judgment (Doc. No. 162) filed by the plaintiffs is hereby **GRANTED** in part and **DENIED** in part, the Motion to Exclude Defendant's Experts (Doc No. 167) filed by the plaintiffs is **GRANTED** in part and **DENIED** in part, and the Motion for Summary Judgment (Doc. No. 170) filed by the Tennessee Department of Correction ("TDOC") is **GRANTED** in part and **DENIED** in part.

TDOC is **GRANTED** summary judgment with regard to the following claims: (1) all claims related to hearing aids; (2) all requests for money damages under the ADA other than those involving disciplinary, pre-release, or parole proceedings; (3) all requests for emotional distress damages under the Rehabilitation Act; and (4) all claims of John Giles and Pamela Bingham. In the case of any claims on which the court has granted TDOC summary judgment based solely on a failure to exhaust administrative remedies, the court's ruling is without prejudice to the merits of any future claim complaining of the same policy in a case filed after all administrative remedies have been exhausted.

Disability Rights Tennessee is hereby **GRANTED** summary judgment on the issues of whether TDOC violated their constituents' statutory rights in connection with telecommunications access and the denial of interpreters or otherwise sufficient services in connection with prison programming, medical encounters, religious services, and formal processes involving parole, discipline, or grievances.

Trivette is **GRANTED** summary judgment with regard to his claims involving telephone access and interpreters for religious services.

Collins is **GRANTED** summary judgment with regard to his claims involving telephone access and interpreters for TDOC programming.

The testimony of Randall Atlas is hereby **EXCLUDED**, and it is hereby **ORDERED** that Kevin Myers shall limit his testimony to the topic of prison operations and shall not opine on the effectiveness of any accommodation or TDOC's compliance with the ADA.

It is so **ORDERED**.

ALETA A. TRAUGER
United States District Judge